## CARTER *v.* DRAKE.

[No. 12,869.   Filed May 25, 1927.   Rehearing denied November 15, 1928.]

*Douglas Morris* and *Titsworth & Titsworth*, for appellant.

*McDonald & Myers*, for appellee.

PER CURIAM.—Action by appellant to recover for services as an attorney rendered by him for appellee. The complaint alleged that appellant had acted as attorney for appellee concerning certain property in Ohio and Kentucky, in which appellee and others for whom he was acting claimed an interest. The amount demanded was $2,000. Appellee filed an answer consisting of: (1) A general denial; (2) payment; and (3) a special contract under which appellee was to pay appellant for his services at the rate of $15 and expenses for each day employed, and that he had paid appellant for his expenses and had also paid him $1,000 in full for his services.

Appellant, in reply, alleged that the $1,000 paid him was for services rendered in a litigation concerning real estate in Illinois. The trial resulted in a verdict and judgment in favor of appellant for $470, from which, after the overruling of appellant's motion for a new trial, this appeal.

Appellant's first contention is that the court erred in giving the seventh instruction asked by appellee. By this instruction, the court charged the jury that if it had been shown by a preponderance of the evidence that the services had been performed under a contract by the terms of which appellant was to receive a certain sum for each day he was actually employed in the work, together with his expenses, the amount of the recovery would be limited to the amount as agreed to, even though the evidence showed the services rendered were of greater value.

The first reason given by appellant to sustain the contention that the giving of this instruction is erroneous,

is that the statute, §584, cl. 5, Burns 1926, requires the court to give something more than general instructions stating the issues, and where it is a question as to whether or not there was a contract, it is the duty of the court to state what facts would constitute a contract and not leave the whole question as to whether there was or was not a contract to be determined by the jury without any instruction as to the law upon that subject.

The court did give the jury general instructions stating the issues and covering the evidence and the law applicable thereto. No instructions were asked by appellant. No exception was taken to the failure or omission of the court to instruct upon any point. The rule is, that the party complaining of an omission in the instructions must ask the court for an instruction covering the omission. The failure to ask for such an instruction, and to except to the refusal to give it, operates as a waiver of any objection to such omission. *Marks* v. *Jacobs* (1881), 76 Ind. 216; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1906), 168 Ind. 438, 459, 78 N. E. 1033.

Appellant next says there is no evidence that he ever undertook to render services for a "certain sum per day," and, for that reason, the instruction is not applicable to the evidence. The evidence in our judgment is sufficient to sustain the court in giving the instruction, and we hold there is no reversible error in giving it.

The next contention is that the amount of the recovery is too small. The jury evidently found there was an agreement for compensation on the *per diem* basis, otherwise the amount of the recovery would have been for a larger sum, as the undisputed evidence shows that the value of the services rendered by appellant, after allowing credit for the $1,000 which had theretofore been paid to him, was much greater

than the amount of the verdict. Appellee testified that appellant had agreed that he would attend to the business for which he was employed and that he would do the work for a fee of from $10 to $15 for each day engaged in the work, in addition to his expenses. This, in our judgment, is sufficient to sustain a finding that the agreement was that appellant would attend to the business on a *per diem* basis, and that the limit of the recovery would be $15 per day. Appellant insists that if his recovery is limited to $15 per day, he is, under the evidence, entitled to recover for 154½ days time, which, after deducting the $1,000 paid, would leave a balance of $1,317.50 due him. There is evidence to sustain a finding that appellant should recover for the number of days claimed by him, and if the jury had fixed the amount of the recovery on that basis, this court would have been justified in sustaining the verdict. But there is evidence from which the jury might have found that the number of days for which appellant should recover compensation did not exceed 98. This being the condition of the evidence, we cannot disturb the verdict.

Judgment affirmed.

Dausman, J., absent.