THE COMMERCIAL UNION FIRE INSURANCE COMPANY OF NEW YORK v. WADE ET AL.

[No. 15,350. Filed June 14, 1937.]

*William L. Mitchell,* for appellant.

*Ely & Corn,* for appellees.

LAYMON, P. J.—This is an action instituted by the appellee John Wade against the appellant, The Commercial Union Fire Insurance Company of New York, and appellee Charles L. Mason to recover on a policy of fire insurance issued by appellant to appellee Wade for the loss by fire of a dwelling house and certain personal property belonging to Wade. Attached to and made a part of the insurance policy was a "standard mortgage clause," which provided that the loss or damage to the residence, if any, under said policy, was payable to appellee Mason, as his interest might appear by reason of being the holder of a mortgage on said property exe-

cuted by Wade to Mason. The complaint, which was in one paragraph, set out the policy of insurance and charged liability against appellant in favor of appellee Wade. In addition thereto, said complaint alleged "that the defendant Charles L. Mason holds a valid and subsisting mortgage on said property, and that the amount now due the said defendant Charles L. Mason thereon, principal and interest, is the sum of $533.33" and prayed for judgment against the appellant for the entire sum due under the policy, and that the court apportion the amount of said judgment between appellee Wade and appellee Mason, by paying to said appellee Mason the amount of his mortgage debt on said property. Appellee Mason was made a party defendant and filed an answer admitting all of the allegations of the complaint. Appellant filed a verified answer in general denial. A trial by the court and jury resulted in a verdict in favor of appellee Wade in the sum of $950.68. Interrogatories were submitted to the jury and the answers thereto were returned with the general verdict. In the answers to the interrogatories the jury specifically found the amount of the damages to the personal property to be $150 and the damages to the dwelling house to be $725 and awarded interest on such amounts. Appellant moved for judgment on the interrogatories, and answers thereto, which motion was overruled, and judgment was rendered on the verdict. In the rendition of the judgment, the court apportioned the amount, awarding to appellee Mason the amount of his mortgage debt and the balance to appellee Wade. Aplant unsuccessfully objected to the rendition of this judgment and filed its motion for a new trial, which motion was also overruled. A motion to modify the judgment followed, was overruled, and this appeal was then perfected, the appellant assigning as error the ruling on each of the aforesaid motions. The grounds set

out in the motion for a new trial are: The verdict is not sustained by sufficient evidence and is contrary to law; error of the court in admitting into evidence Exhibit 3; error of the court in the giving and refusal of certain instructions; error in the assessment of the amount of recovery, the amount being too large; and error in overruling the motion to modify the judgment. In the presentation of all of the assigned errors, except as to the admission into evidence of Exhibit 3, appellant questions the right of appellee Mason to recover the amount of his mortgage debt without filing any affirmative pleading or any prayer for affirmative relief.

Appellant concedes that the mortgagee is a necessary party to the action, and, when made a party, either plaintiff or defendant, is bound and concluded by the event of the suit. Nowhere does appellant show that harm resulted from any of the adverse rulings of the court or from the amount of liability as fixed by the verdict or on account of such amount being apportioned between the mortgagee and mortgagor. The amount of the mortgage debt owing to appellee Mason was stipulated by the parties as a part of the evidence in the cause, and the amount so stipulated was the amount apportioned by the court in its judgment. Appellant contends that although it was liable under the terms of the policy for the amount so found by the jury, appellee Mason was not entitled to his proportionate share of such liability, due to his failure to file any affirmative pleading or prayer for affirmative relief.

Appellee Mason was made a party defendant and appeared and filed an answer. It is evident that he would be bound by the event of the suit and that the judgment rendered would be a bar to any further right or interest which he might assert under and by virtue of the policy and on account of the loss sustained thereunder. Obviously appellant was in no man-

ner harmed by the failure of appellee Mason to file a pleading asking for affirmative relief. It may further be pointed out that the complaint, so far as the allegations thereof pertain to the mortgage, stated an issuable matter only as between appellee Wade and appellee Mason. Under the circumstances appellant was entitled to have the mortgagee made a party to the action, either plaintiff or defendant, in order that the rights of the mortgagee might be adjudicated in the one proceeding so that the insurer would not be subjected to the expense, annoyance, and hazard of another action. Whether or not the mortgage clause in the policy makes and renders the contract severable as to the respective interests of the mortgagor or owner and the mortgagee and affords each a right or cause of action to the extent of his respective interest is immaterial in so far as it affects the merits of this appeal. The mortgagee was a necessary party to the litigation and was entitled to have his respective interest determined, whether the interest be severable or otherwise. A reversal of the cause would afford appellee Mason the right to file an affirmative pleading, and, in all probability, upon a retrial the same result would be reached. From the entire record we are led to the conclusion that a correct result was reached and substantial justice done between the parties. Under such circumstances it is not within our province to reverse the judgment of the lower court. (Section 2-3231 Burns 1933, §505 Baldwin's 1934.)

Appellant contends that the court erred in the admission into evidence of Exhibit 3, which was a written request for an appraisal of the loss sustained. Appellee Wade had the burden of proving full compliance with each and all of the provisions of the policy on his part to be performed. The policy provided for an appraisal in the event of disagreement as

to the amount of the loss, and we think, under the issues, that there was no error in the admission of the exhibit.

No reversible error being presented, the judgment of the lower court is in all things affirmed.