LAURIE J. METZ *v.* GEORGE C. MADISON.

[No. 370A31. Filed June 30, 1971.]

*Robert E. Peterson, J. Patrick Smith, Smith & Smith,* of LaPorte, for appellant.

*William L. Morris, Leon R. Kaminski, Newby, Lewis & Kaminski,* of LaPorte, for appellee.

BUCHANAN, J. — STATEMENT OF THE CASE AND FACTS — This is an appeal from a common intersection "fender bender" collision with personal injuries.

Laurie J. Metz, Plaintiff-Appellant, (Metz) sued George C. Madison, Defendant-Appellee, (Madison) to recover damages for injuries sustained as a result of an automobile colli-

sion which occurred in LaPorte, Indiana. The evidence most favorable to Madison as Appellee indicates that Metz was proceeding in a southerly direction on Monroe Street approaching the intersection of Monroe and Maple Streets when he observed what appeared to be a white automobile headed west and stopped at the stop sign regulating traffic going in a westerly direction on Maple Street. Passing through the intersection, he observed to his left another automobile about to strike him, which did then actually collide with the left rear fender of his automobile. This was the automobile driven by Madison.

Following the collision, Metz was jarred loose from the steering wheel and lost control of his car which then continued in a southeasterly direction until it came to a complete stop against a church.

There is conflict in the evidence as to the exact speed which Metz was traveling. He testified during the trial and in his deposition that he was traveling between 20 and 25 miles an hour. However, a police officer who interviewed him at the hospital subsequent to the accident testified that Metz told him that he was traveling at a speed of 30 miles an hour. The area was not posted with any definite speed limit.

The question of speed is critical here, in that if Metz was traveling 20 miles an hour and the zone in which the accident occurred was a residential area, then he was within the speed limit. The evidence most favorable to Madison indicates, however, that the district in which the accident occurred was a business district where the speed limit is restricted to 20 miles an hour and any excess over that speed limit is prima facie evidence that the driver was not using due or reasonable care.

Metz further testified that he knew that the particular intersection was a busy intersection and a bad intersection. Following the accident, two police officers measured the dis-

tance from the debris to the point where the car stopped. At the trial they testified this distance was 160 feet.

Trial was to jury, and after all evidence was submitted, Metz moved to withdraw the issue of contributory negligence. The motion was subsequently overruled, and the jury returned a verdict for Madison. Metz then filed a motion for a new trial, which was overruled, and he appeals from the overruling of the motion for new trial.

ISSUES: Seven specifications of error are listed as grounds for a new trial. Four of the seven specifications of error were not argued nor supported by authority and are thus waived under Rule A. P. 8.3 (7).

The remaining three are:

1. The verdict of the jury is contrary to the law.

2. The verdict of the jury is not sustained by sufficient evidence.

3. Error of law occurring at the trial as follows:
   The Court erred in overruling plaintiff's motion to withdraw the issue of contributory negligence made at the close of all the evidence.

Number 1 presents no question. The specification that the verdict is contrary to law will be considered only where the evidence is without conflict and can lead to the one conclusion and the trial court has reached an opposite conclusion citing *Pokraka* v. *Lummus* (1951), 230 Ind. 523, 104 N. E. 2d 669. The evidence in the case before us is in conflict and thus we have no basis to review the trial proceedings on this specification of error.

We are thus presented with specifications 2 and 3 which pose the following two questions:

1. Was there sufficient evidence to justify submitting the issue of contributory negligence to the jury?

2. If Metz was guilty of contributory negligence was there sufficient evidence to show that the contributory negligence was a proximate cause of the accident?

Metz argues that no evidence exists to show that he was guilty of contributory negligence and further submits that even if he were guilty of contributory negligence, his acts were not the proximate cause of the accident and as such would not preclude him from recovering.

Madison's argument is precisely to the contrary.

## DECISION

I. It is our opinion that sufficient evidence existed to submit the issue of contributory negligence to the jury.

The affirmative defense of contributory negligence asserted by Madison was based upon the theory that Metz was in violation of I. C. (1971) 9-4-1-57, Ind. Ann. Stat, § 47-2004 (Burns' 1965 Repl.) at the time the accident occurred. The statute reads in pertinent part as follows:

> "C.   Prima facie speed limits.  Where no special hazard exists, the following speeds shall be lawful, but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:
>
> (1)   Twenty (20) miles per hour in any business district.
>
> D.   The driver of every vehicle shall, consistent with the requirements in subsection (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazards exist with respect to pedestrians or other traffic by reason of weather or highway conditions."

Conflicting evidence was brought out during the trial concerning the speed Metz was traveling. Metz himself testified on two different occasions that he was traveling 20-25 m.p.h.,

but a police officer who investigated the accident testified that Metz told him he was traveling 30 m.p.h. at the time of the accident.

There was also conflict in the testimony as to whether the area where the accident occurred was a business or residential district.

"The question of contributory negligence is one of fact for the jury to determine when the evidence on this point is in dispute or conflicting, or is such that reasonable men could fairly draw different inferences from undisputed facts." *Rocoff v. Lancella* (1969), 145 Ind. App. 440, 251 N. E. 2d 582 (rehearing denied) ; *National Dairy Products Corp.* v. *Grant* (1968), 143 Ind. App. 464, 241 N. E. 2d 275.

In our opinion this conflict of evidence warranted submitting the issue of contributory negligence to the jury, and no reversible error occurred in overruling Metz's motion to withdraw the issue from the jury.

II. Sufficient evidence did exist to support a finding by the jury that Metz's negligence was a proximate cause of the accident.

Metz asserts and we agree that to preclude recovery by him, contributory negligence must have been a proximate and not remote cause of the accident, *Huey* v. *Milligan* (1961), 242 Ind. 93, 175 N. E. 2d 698. It is also true, however, that unless the facts are such that reasonable men could draw but one conclusion, the question of proximate cause is a question of fact for the jury. *Martin* v. *United Moving & Storage* (1959), 262 F. 2d 596; *Burris* v. *Buikema* (1964), 139 Ind. App. 333, 202 N. E. 2d 593.

A review of the record shows that testimony was elicited from almost every witness who took the stand concerning the physical make-up of the area where the accident took place.

The statutory requirement for a business is set out in I. C. (1971), 9-4-1-18 Ind. Ann. Stat., § 47-1818 (Burns' 1965 Repl.) as follows:

"The territory contiguous to and including a highway when fifty percent (50%) or more of the frontage thereon for a distance of five hundred (500) feet or more is occupied by buildings in use for business."

No specific measurements were introduced as to the actual footage covered by business enterprises, but adequate evidence was elicited from which a jury could reasonably infer that the area was a business district. There was testimony that Metz was traveling 30 miles per hour at the time of the accident.

There was also evidence from Metz himself that this intersection was a busy and bad one. There was evidence of the physical facts relating to skid marks or the lack thereof and the post impact distance traveled by Metz.

Thus the jury could have inferred or concluded that Metz was driving at a speed in excess of the speed limits and therefore driving at an unreasonable speed and guilty of lack of due care under Burns' § 47-2004 (c) *supra*. Also the jury could have inferred and concluded that the unreasonable speed of Metz coupled with his acknowledgement that the intersection was a bad one was a proximate cause of the accident and further that he was in violation of Burns' § 47-2004 (d) *supra* in that he failed to reduce speed when approaching an intersection and this failure to reduce speed could have been a proximate cause of the accident.

In reviewing the evidence to determine its sufficiency, we look only to the evidence most favorable to the Appellee and the reasonable inferences to be drawn therefrom, which if believed by the jury would sustain the verdict. *Butler* v. *Forker* (1966), 139 Ind. App. 602, 221 N. E. 2d 570, *Isenhour* v. *Speece, Adm., et al.* (1958), 238 Ind. 293, 150 N. E. 2d 749.

It seems to us that there was just sufficient evidence on

the issue of contributory negligence to enable it to stagger over the threshhold of the jury room for their consideration. Whether we agree with the jury's verdict is of no consequence.

The decision of the trial court is therefore affirmed.

Sullivan, P. J., Lowdermilk and Robertson, J. J., concur.

NOTE.—Reported in 271 N. E 2d 197.