ROBERT D. LUCUS *v.* ROBERTA L. RICHARDSON.

[No. 2-874A207. Filed December 11, 1975. Rehearing denied March 4, 1976. Transfer denied March 9, 1977.]

*Marshall E. Williams, Raymond I. Klagiss,* of Indianapolis, for appellant.

*Hollingsworth, Martin & Buchanan,* of Lebanon, for appellee.

## CASE SUMMARY

BUCHANAN, J.—This is an appeal by Defendant-Appellant Robert D. Lucus (Lucus) from a trial court judgment of $15,800 in favor of Plaintiff-Appellee Roberta L. Richardson (Richardson) upon her complaint for personal injuries and property damage sustained in an automobile collision with Lucus, claiming insufficient evidence to support the trial court's judgment.

We affirm.

## FACTS

The evidence and facts most favorable to Richardson (Plaintiff-Appellee) and the trial court's judgment are:

About 9:45 P.M. on June 30, 1972, the automobiles of Lucus and Richardson collided in the northbound passing lane of Interstate 65 (I-65) near Lebanon, Indiana. It was a dark, clear night with no precipitation.

Richardson and her two children, Jeff and Jodell (aged 10 years and 12 years, respectively, on the date of trial), had just eaten dinner and were returning home via Highway 267 East to I-65 North. After crossing the Highway 267 overpass, Richardson turned on the northbound "on" ramp of I-65. Jeff was on the passenger side of the car, and as they were traveling down the ramp Jeff testified that he had turned around and the only headlights he observed on I-65 were behind or south of the Highway 267 overpass. Jodell testified that she had also turned around near the bottom of the ramp, and the only car lights she observed were "way back".

Richardson, driving 65 miles per hour,[1] proceeded into the

---

1. In 1972 the maximum speed on interstate highways in Indiana was 70 miles per hour. IC 1971, 9-4-1-57(b) (Burns Code Ed.)

traveling lane and then partly into the passing lane when the right front of Lucus' automobile, being completely within the passing lane, struck the left rear of Richardson's automobile.

Indiana State Police Trooper Goff (the Trooper) established the point of impact to be in the passing lane about 650 feet north of the point where the "on" ramp ends and the merging lane begins. The Trooper testified that immediately following the accident, he had a conversation with Patricia Saupe (Saupe), which Lucus could overhear. The substance of this conversation was that Saupe had been following Lucus in the passing lane for a few minutes and that "they [Lucus and Saupe] were driving at the speed limit or probably a little bit more than the speed limit . . . probably between 70 and 75."

Lucus testified that he did not, at any time, exceed the speed limit. He further claimed that as he was in the process of passing a truck he could not observe Richardson's car prior to impact. Saupe [Lucus' witness], however, did not recall any truck nor did she have any recollection of seeing Richardson's car prior to impact.

Saupe testified that she was not going faster than 70 miles per hour and did not remember making any statement to the Trooper about exceeding the speed limit.

Following the collision, Richardson's car came to rest 189 feet north and east of the point of impact, while Lucus' automobile stopped 98 feet north of the impact point.

On September 11, 1972, Richardson filed her complaint against Lucus, and thereafter on March 5, 1974, the trial court entered its judgment, as follows:

> "The evidence shows *excessive speed and failure to keep proper lookout* by defendant to the proximate cause of the collision and is insufficient to show the alleged contributory negligence of plaintiff for entering the passing lane from the merging and driving lanes proximately contributed to cause the accident."

"It is, therefore, ordered and adjudged that Roberta L. Richardson have judgment against Robert D. Lucus in the sum of Fourteen Thousand Five Hundred Dollars ($14,-500.00); that Jodell L. Richardson by next friend Roberta L. Richardson have judgment against Robert D. Lucus in the sum of Nine Hundred Dollars ($900.00); and that Jeffrey A. Richardson by next friend Roberta L. Richardson have judgment against Robert D. Lucus in the sum of Four Hundred Fifty Dollars ($450.00) and each together with costs herein assessed versus Robert D. Lucus in the sum of Twenty Six Dollars ($26.00)." (Our emphasis.)

Lucas timely filed his Motion To Correct Errors and the trial court overruled such motion, in the following pertinent manner:

"The Court having re-examined the evidence pursuant to Motion to Correct Errors now finds there was a preponderance of probative evidence showing excessive speed by the defendant, Robert D. Lucus, and showing his lack of attention to in view of hazards of merging traffic, each the proximate cause of the impact resulting in injury to plaintiff.

The Court finds that plaintiff's partial intrusion into the passing lane with or without warning or cause just prior to the point of impact was as shown by the physical evidence at much less speed than defendant's. There was direct testimony that plaintiff merged at 65 mph. The plaintiff had the right to assume reasonable 70 mph. speed of oncoming traffic equal to the right of defendant to assume merging traffic would not merge to the passing lane without careful lookout and warning. Defendant's excessive speed negated any valid judgment or lookout by plaintiff who was traveling just 5 mph. below speed limit.

The obstruction of view of both parties by an alleged truck is found spurious. Such a truck in the rear of plaintiff at impact would have left skidmarks or would have struck one or both vehicles. The credibility of the whole of defendant's testimony suffered by the mention of this supposed truck without explanation of its non-involvement at impact. With the truck removed each party had an unobstructed view with plaintiff's lookout negated by defendant's excessive speed and established pattern of dominion of a lane described as a "passing" lane not a "thru" traffic lane. Defendant failed to keep a lookout for merging

traffic sufficient to meet the duty of a reasonable man at said time and place.

\* \* \*"

Lucus now appeals from the trial court's judgment.

## ISSUES

The sole issue for disposition is:

Is there sufficient evidence to support the trial court's judgment in favor of Richardson?

Lucus contends that there is no substantial evidence of probative value that he "was driving at excessive speed and that he was not looking out". Instead, Lucus asserts that Richardson "suddenly and unlawfully changed lanes and intruded into the lane in which Defendant [Lucus] was traveling."

Richardson replies that the facts most favorable to her clearly support the trial court's judgment.

## DECISION

CONCLUSION—It is our opinion that there was sufficient evidence to support the trial court's judgment that Lucus' negligence proximately caused the automobile collision.

The key to this case is that there was substantial, although conflicting, evidence of probative value to support the trial court's judgment.

Because of lack of skidmarks or involvement of a truck in the collision, the trial judge refused to believe Lucus' view was obstructed by a truck. As to the speed of Lucus' auto, the trial judge apparently did believe the children's testimony that oncoming lights were "way back" and the Trooper's version of Saupe's statement of speed in excess of 70 miles per hour. The trial court also apparently placed weight on the distance the two cars traveled after the Lucus auto struck the Richardson auto in the rear.

This was his prerogative. When the evidence supports

conflicting reasonable inferences, the inferences drawn by the trial court prevail on appeal; we will not substitute our judgment for that of the trial court. *A.S.C. Corp.* v. *First Nat'l Bank of Elwood* (1960), 241 Ind. 19, 167 N.E.2d 460; *Am. Savings & Loan Ass'n of Hammond* v. *Hoosier State Bank* (1975), 167 Ind. App. 43, 337 N.E.2d 486; *Chaleff* v. *Chaleff* (1969), 144 Ind. App. 438, 246 N.E.2d 768; *Valcan Corp.* v. *M. T. Sparks, Inc.* (1968), 143 Ind. App. 543, 241 N.E.2d 862.

Thus there was substantial evidence[2] from which the trial court could have reasonably inferred the following ultimate facts:

(1)  That Lucus had an unobstructed view of Richardson's automobile proceeding onto I-65 and then into the passing lane.

(2)  That Lucus was traveling in excess of the maximum speed limit [in violation of IC 1971, 9-4-1-57(b) (Burns Code Ed.)];

(3)  That Richardson had the right to assume that Lucus was traveling at the lawful rate of speed, unless notice to the contrary [*Jones* v. *Kaspar* (1941), 103 Ind. App. 465, 33 N.E.2d 816, 819], and therefore Richardson was properly proceeding into the passing lane at the time of the accident.

Based on these facts the trial court could have properly concluded that Lucus' excessive speed and failure to keep a proper look-out for Richardson's car constituted negligence and such negligence proximately caused the collision.

*See generally, Samuel-Hawkins Music Co., Inc.* v. *Ashby* (1965), 246 Ind. 309, 205 N.E.2d 699; *Jones* v. *Kaspar,*

---

2.  As to what constitutes substantial evidence see *Burke* v. *Burke* (1963), 135 Ind. App. 235, and *Halkias* v. *Gary National Bank* (1968), 142 Ind. App. 329, 234 N.E.2d 652.

*supra; Rieth-Riley Construction Co., Inc.* v. *McCarrell*
(1975), 163 Ind. App. 613, 325 N.E.2d 844; *Poe* v. *Tate*
(1974), 161 Ind. App. 238, 315 N.E.2d 392; *Chicago
Indianapolis And Louisville R.R. Co.* v. *Carter* (1971),
149 Ind. App. 649, 274 N.E.2d 537; *Metz* v. *Madison*
(1971), 149 Ind. App. 157, 271 N.E.2d 197.

The Trial Court's judgment is therefore affirmed.

Affirmed.

White, J., concurs; Sullivan, P.J., concurs in results.

NOTE.—Reported at 338 N.E.2d 659.