TERREL ET AL. *v.* IRELAN AND BAUM, INC.

[No. 1267A119. Filed September 23, 1968. No Petition for Rehearing filed.]

*Kenneth M. Waterman,* of Fort Wayne, for appellants.

*Frederick E. Rakestraw,* and *Chipman, Chipman & Rakestraw,* of counsel, of Plymouth, for appellee.

SMITH, J.—This is an action which was brought by the appellee to foreclose a mechanic's lien on real estate owned by the appellants.

The issues were formed by the appellee's complaint which alleged in substance that the appellants, through their agent, entered into a contract with the appellee by the terms of which the appellee was to furnish certain materials to be used in the construction of a building on the real estate owned by the appellants. The complaint further alleged that the appellee did so furnish such materials, that the appellants still owe for such materials furnished, and that the appellee is entitled to have its duly preserved mechanic's lien on appellants' real estate foreclosed to satisfy the amount due for such materials furnished. To this complaint the appellants filed an answer, in compliance with Rule 1-3 of the Supreme Court of Indiana, in which the appellants denied the material allegations of the appellee's complaint.

The complaint is summarized, in part, as follows:

(1) That the appellants own certain described real estate in Fulton County, Indiana.

(2) That on or about the 15th day of May, 1963, said appellants by and through their duly appointed agent, Albert Stephens, did enter into a contract by the terms of which the appellee was to furnish certain materials for the construction of a building and business establishment located on the real estate owned by the appellants.

(3) That on the 16th day of May, 1963, and from time to time thereafter, the appellee sold, furnished and delivered to the appellants at their special instance and request, and in pursuance of said agreement, materials necessary for the construction of said building and business establishment in compliance with said contract, which said building was completed on or about the 17th day of July, 1963.

(4) That the appellants are indebted to the appellees in the sum of $659.77 for materials furnished the appellants. in the construction of said building.

(5) That the appellee duly filed its intention to hold a mechanic's lien on the appellants' property for said amount.

(6) That reasonable attorney fees incurred by the appellee in the prosecution of this cause of action is $175.00.

The case was tried by the court without the intervention of a jury, and on June 20, 1967, the court made its finding and judgment as follows:

"The court now finds for the plaintiff on its complaint and finds that the material allegations of said complaint are true. The court further finds that the plaintiff is entitled to recover from the defendants on the complaint sued on the sum of Six Hundred Forty-Nine Dollars and Thirty-Two Cents ($649.32), together with interest in the amount of One Hundred Fifty-Two Dollars and Fifty-nine Cents ($152.59), and that a reasonable Attorneys fees for the plaintiff's Attorneys in this action is the sum of Three Hundred Dollars ($300.00)."

Based upon its finding and decision, the trial court on June 20, 1967, rendered the following judgment:

"IT IS THEREFORE ORDERED AND ADJUDGED by the Court as follows:

"1. That the plaintiff recover from the defendants the total sum of One Thousand One Hundred and One Dollars and Ninety-One Cents ($1,101.91), together with the costs of this action.

"2. That the plaintiff has a lien upon the following described real estate located in Fulton County, Indiana, to secure the payment of said sum, which real estate is described as follows, to-wit:

Commencing at the northeast corner of the southwest quarter of Section 13, Township 30 North, Range 4 East; thence West 80 rods; thence south 80 rods; thence east 80 rods; thence north 80 rods, to the place of beginning, containing forty (40) acres more or less, all in Fulton County, Indiana.

"3. That the plaintiff's lien be foreclosed as to the defendants by a sale of the above described premises, without relief from valuation or appraisement laws, and the Sheriff of this County is ordered to make a sale of said real estate in accordance with the laws respecting execution sales.

"4. That out of the proceeds of such sale, the Sheriff is directed to make payments as follows:

a. To the Clerk of this Court, a sum sufficient to pay the costs of this action.

b. To the plaintiff, the amount due it under this judgment including interest and Attorneys fees in the total sum of One Thousand One Hundred and One Dollars and Ninety-one Cents ($1,101.91).

c. The balance, if any, to be turned over to the defendant."

On July 17, 1967, appellants filed their motion for a new trial, the grounds of which motion are as follows:

"* * *

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law."

Attached to said motion for a new trial was a memorandum supporting said motion for a new trial, which memorandum in substance stated under such itemized causes wherein such evidence was insufficient, and the decision contrary to law, which memorandum was filed pursuant to Rule 1-14B of the Rules of the Supreme Court of Indiana.

The motion for a new trial was overruled and appellants filed an assignment of errors as follows:

"* * *

"1. The court erred in overruling appellants' motion for a new trial."

In general, it is the position of the appellants that the evidence produced by the appellee establishes nothing more than an open account, and that an open account does not warrant an imposition of a mechanic's lien. That the evidence is insufficient to establish the material elements of appellee's cause of action to foreclose a mechanic's lien.

In support of this contention, the appellants state as follows:

1. There is no evidence to establish that the materials were "furnished for a particular building in question", and that it is not sufficient to show that the material was furnished to the contractor or owner and used in the building.

2. There is no evidence to establish that materials furnished, if any, were actually used in the building.

3. There is no evidence that the parties, much less the appellee and the appellants' independent contractor, ever contemplated the possibility of a mechanic's lien as security (as opposed to a mere open account based upon a purchaser's credit).

The appellants further contend that the introduction of invoices, slips and tickets by the appellee does not establish that the materials in question were ever delivered to the building site, much less show that the materials in question were actually used in or furnished *for* the building in question.

In answer to the appellants' contention it is the position of the appellee that there was ample evidence to support the decision of the trial court; and that if there is any evidence

at all to sustain the decision of the trial court, this court is not permitted to weigh the evidence, but should affirm the decision of the trial court.

It is the contention of the appellee, from a review of the evidence, that there is a considerable amount of evidence that the materials were furnished for the building in question. The witnesses for the appellee testified that they were acquainted with the proposed building project, and that they made out tickets in connection therewith and that all of the tickets were made out with the designation "Terrel Job". There was a special account designated "Terrel Job" and all tickets on the job in question were posted to that account. There was evidence that deliveries of materials were made to the construction site while the building was being constructed and were immediately incorporated into the building project. It is the contention of the appellee from a review of the record evidence that there is ample proof that the materials in question were furnished for the building in question and were immediately incorporated into the building project.

It is further the position of the appellee, in answer to the appellants' contention that no mechanic's lien was contemplated, that the record discloses a great deal of evidence indicating that a lien was contemplated. That from the very beginning of the account, it was specifically marked "Terrel Job". That this marking was carried on all the job tickets and the ledger of the appellee. That the appellants had some conversations about some items being charged to the account or job. That there is ample evidence that both parties anticipated a possible mechanic's lien as security, assuming that this is a requirement.

In many decisions, both of the Supreme Court and of the Appellate Court, it has been held that only where the evidence is without conflict and can lead to but one conclusion, and that the trial court has reached an opposite conclusion, that the decision of the trial court

will be set aside on the ground that it is contrary to law. We will not burden this opinion with a recital of these cases.

It is not the function of the Supreme Court or the Appellate Court to weigh the evidence, but only to determine if there is any evidence to support the decision. *Kraus v. Kraus, Executor, etc. et al.* (1956), 235 Ind. 325, 132 N. E. 2d 608; *Robertson Bros. Dept. Store v. Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809. It is the function of the trial court to draw the appropriate inferences from the evidence, and if the evidence supports conflicting inferences, the inferences drawn by the trial court prevail on appeal, and if there is evidence to support the judgment of a trial court, the judgment is required to be affirmed. *A.S.C. Corporation v. First National Bank of Elwood, et al* (1960), 241 Ind. 19, 167 N. E. 2d 460.

From a careful review of the evidence, there appears to be ample evidence to support all necessary elements of the judgment entered by the trial court. The evidence includes the records of the appellee designated for this particular building project. In addition to the records there is testimony of persons who kept the records, who verified the dates and the manner in which the records were made. There is also testimony of persons who made out original tickets, and testimony of persons who delivered the building materials. There is evidence of persons who saw the building materials being used in the building. It is our opinion that the trial court, having heard the testimony of the witnesses, was in a position to judge their credibility; and that, in addition, the trial court viewed the premises and was in a position to use its viewing of the premises to assist in evaluating the evidence. We are of the opinion that this court should not interfere with the judgment of the trial court.

In reviewing the cases cited by the appellants in support of their contention, none of them seem to present the same set of circumstances, and all of them can be distinguished from the case at bar in many respects.

It is necessary to consider the fact that this is an action brought by the appellee, who merely furnished materials for a building project. The appellee was not the contractor; and the contractor, Mr. Stephens, was a person hired by the appellant to construct the building in question. The appellee did not construct the building, and did not actually make use of the materials—the appellee merely furnished certain materials as they were requested. The appellee was acquainted with the project, but the appellee was not in control of the project. It is our opinion that the appellee had the burden of establishing sufficient facts to justify the imposing of a mechanic's lien, and that the appellee cannot be held to have the same responsibility as a general contractor building the building. Both the Supreme Court and the Appellate Court have in their opinions considered the responsibility of a plaintiff in a mechanic's lien case who has only furnished materials for a given project.

In the case of *Totten & Hogg Iron and Steel Foundry Company, etc. v. Muncie Nail Co., et al* (1897), 148 Ind. 372, 47 N. E. 703, the plaintiff manufactured a cylinder for certain machinery to be used in a building owned by defendant. The cylinder was never installed in the machinery, and the plaintiff later sued to enforce a mechanic's lien for the furnishing of the cylinder. The mechanic's lien judgment was upheld by the Supreme Court even though the cylinder was never used in the building upon which the mechanic's lien was to be enforced. The court stated, in part, as follows:

"If the work be done or materials furnished for the use or purpose designated in the statute, the right to acquire a lien is complete, and the law is not so unjust as to defeat the right to the lien, because the owner may for any reason fail to complete the work."

In the case of *Jackson v. J. A. Franklin & Son* (1939), 107 Ind. App. 38, 23 N. E. 23, dimension lumber was furnished for the construction of a barn. There was work done

on the foundation to the barn, but the barn was never constructed. The plaintiff sought to foreclose a mechanic's lien for the furnishing of the dimension lumber, even though the lumber was not used in the building. The Appellate Court upheld the enforcement of the mechanic's lien under these circumstances, and stated as follows:

> "The evidence clearly shows that the appellants intended to build the barn and to use the lumber which appellees agreed to furnish. Appellees did all they were required by the statute to do to entitle them to a lien."

In the case at bar, the evidence of the appellee is sufficient to prove everything necessary to establish its claim for a mechanic's lien; and surely since the appellee only furnished materials, the appellee has more than fulfilled its burden of proof.

In summary, it is our opinion that the record clearly demonstrates that there is ample evidence to sustain the finding and judgment of the trial court, and that the judgment of the trial court should be affirmed.

Judgment affirmed.

Cook, P.J., Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 240 N. E. 2d 95.