VALCAN CORPORATION *v.* M. T. SPARKS, INC.

[No. 368A34. Filed November 20, 1968. Rehearing denied December 12, 1968. Transfer denied April 15, 1969.]

*Harry M. Stitle, Jr., Albert W. Ewbank,* of Indianapolis, and *Charles H. Foley,* of Martinsville, for appellant.

*Richard P. Watson,* of Indianapolis, for appellee.

SMITH, J.—Appellee instituted this action alleging a breach of an oral contract whereby appellee as a subcontractor agreed to furnish labor and materials to the appellant, a general contractor, on a construction job for The Indiana Bell Telephone Company located at Kokomo, Indiana, and in return for which appellee was to be compensated in an amount of $13,589.46.

Appellee's complaint alleged in substance that he performed services and furnished materials in compliance with the terms of the original contract in the amount of $13,589.46, and in addition furnished extra services and materials in the amount of $835.75, which services were requested by the appellant; and that the appellant paid the appellee the sum of $12,982.51, leaving an unpaid balance of $606.95 due and owing the appellee on the original oral contract, and an additional $835.75 alleged due for the extra labor and materials furnished by the appellee.

Appellant's answer admitted that the work contracted to be performed was for an agreed price but that appellee failed to furnish certain materials which appellant was later required to furnish at a cost of $203.65 plus services at a cost of $686.00, and that no extra services were performed by the appellee. That during the progress of the work the appellant paid the appellee a total of $12,230.51; and that after

completion of the work a controversy arose as to the exact amount due and owing the appellee and that the appellant then gave a check to the appellee in the amount of $752.00 payable to the appellee and to the Kokomo Ready Mixed Concrete Corporation. That said check bore the notation of *"Final Payment for all materials and/or labor due for The Indiana Bell Telephone Co. South Service Center";* and that the appellee was therefore fully compensated for materials furnished and labor performed in compliance with the terms of the original oral contract.

Appellee in reply to appellant's answer stated that the check in the amount of $752.00 was due and owing to the Kokomo Ready Mixed Concrete Corporation for materials purchased from said corporation and that it was agreed by and between the parties to the original oral contract that the check would be endorsed over to said Concrete Corporation and considered only as final payment to said Corporation; and that the appellee received said check for and on behalf of the Kokomo Corporation and endorsed the same over to said corporation. That the appellee at no time understood the check to be a final payment of the total obligation, as it was expressly issued in such manner as would evidence only a final payment to the Kokomo Corporation.

The sole issue before the trial court was whether there was a breach of said oral contract; and on December 24, 1966, the court found for the appellee (plaintiff) in the sum of $1,000.00. On January 19, 1967, appellant (defendant) filed his motion for new trial which was overruled by the court on December 9, 1967, and this appeal followed. Defendant-appellant's motion for new trial reads as follows:

### *"DEFENDANT'S MOTION FOR NEW TRIAL*

"Valcan Corporation, defendant in the above entitled cause, moves for a new trial herein on each of the following grounds:

"1. The finding and decision of the Court is not sustained by sufficient evidence.

"2. The finding and decision of the Court is contrary to law.

"3. The finding and decision of the Court is not sustained by sufficient evidence and is contrary to law.

"4. That the Court erred in refusing to admit into evidence the Copy of the Specifications on the Service Center Building of Indiana Bell Telephone Company at Kokomo, Indiana, for which defendant was general contractor and plaintiff a sub-contractor for the concrete work which specifications detailed the work to be done by the sub-contractor for the concrete work for which work plaintiff has claimed it was not fully paid and which specifications were marked Defendant's Exhibit No. 1 and were after proper identification offered in evidence.

"5. That the Court erred in failing to recognize that final payment of all sums due plaintiff was made by defendant's check dated 24, January, 1964, in the amount of $752.00 which check plaintiff received and accepted with the notation thereon 'Final payment for all materials and/or labor due for the Indiana Bell Telephone Co. South Service Center Building, Kokomo, Indiana', which check was admitted into evidence as Defendant's Exhibit No. 10.

"6. That the Court erred and abused its discretion in awarding plaintiff a judgment for $1,000.00 and costs when plaintiff had been fully paid for all work done and materials furnished for the Indiana Bell Telephone Co. South Service Center Building at Kokomo, Indiana, plaintiff's claim growing out of such work done and materials furnished for such building."

Specification No. 4 of appellant's motion for new trial has been waived for the reason that Exhibit No. 1 mentioned therein has not been made a part of the record. Alleged error in the ruling on admissibility of evidence must be presented by Bill of Exceptions containing the evidence. *Indiana Practice,* Wiltrout, Vol. 3, Sec. 2276, p. 109.

Appellant combines his remaining specifications into two primary arguments: (1) that the evidence shows no combination of disputed or claimed figures which could sustain the $1,000.00 award made by the trial court, and (2) that the

check in controversy marked for final payment conclusively disclosed final satisfaction of the amount due appellee under the contract and that appellee, upon acceptance of the check, was bound by the conditions of the tender.

The record discloses that the evidence most favorable to the appellee is as follows: That on July 22, 1963, both parties entered into an oral contract whereby appellee was to receive a total amount of $13,589.46 as payment for all work done and materials furnished for The Indiana Bell Telephone Company in the construction of the company's South Service Center at Kokomo, Indiana. That during the course of the construction of the Service Center appellant requested some thirteen extra items of work not included in the original contract; and that there was no dispute as to the extra work requested or the cost thereof. That appellant paid appellee the sum of $12,982.00, leaving a balance due the appellee in the amount of $1,442.70, which consisted of the original unpaid balance and costs of the extras; and that there was no conflict or question as to the payment or amount still due and owing the appellee at the time appellant tendered appellee the aforementioned check, which appellant contends was given in full and final satisfaction of all remaining claims.

In some respects the evidence adduced is conflicting. It appears that the appellant is requesting this court to resolve these conflicts in his favor and in so doing is requesting our court to weigh the evidence.

We have recently stated the law determinative of the functions of an appellate tribunal in its consideration of the evidence. The case of *Terrel v. Irelan & Baum, Inc.* (1968), 143 Ind. App. 302, 240 N. E. 2d 95, provides a summary of the law in this area, in which opinion our court spoke as follows:

"In many decisions, both of the Supreme Court and of the Appellate Court, it has been held that only where the evidence is without conflict and can lead to but one con-

clusion, and that the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law. We will not burden this opinion with a recital of these cases.

"It is *not* the function of the Supreme Court or the Appellate Court to weigh the evidence, but only to determine if there is any evidence to support the decision. *Kraus v. Kraus, Executor, etc., et al* (1956), 235 Ind. 325, 132 N. E. 2d 608; *Robertson Bros. Dept. Store v. Stanley* (1950), 228 Ind. 372, 90 N. E. 2d 809. It is the function of the trial court to draw the appropriate inferences from the evidence, and if the evidence supports conflicting inferences, the inferences drawn by the trial court prevail on appeal, and if there is evidence to support the judgment of a trial court, the judgment is required to be affirmed. *A.S.C. Corporation v. First National Bank of Elwood, et al* (1960), 241 Ind. 19, 167 N. E. 2d 460" (Emphasis supplied).

It is the general rule of law in our state that on appeal all reasonable presumptions are indulged in favor of the rulings and judgments of the trial court.

It is, therefore, our position that we are not authorized to weigh conflicting evidence as requested by the appellant, but only to determine if there is any evidence to support the decision and judgment of the trial court. It is our opinion that there is sufficient evidence of probative value to support the judgment of the trial court.

The appellant also contends that appellee's cause of action appears to be based on an express parol contract and therefore that the appellee cannot recover on an implied contract or on the legal concept of quantum meruit. It is our opinion that this contention of the appellant has no legal foundation and is without merit as it applies to the facts in this case. It is undisputed that the contracts in question are oral contracts, and from a review of the record it is quite apparent that the appellee never contended that the question of his recovery should be based either on an implied contract or on the legal concept of quantum meruit.

.The appellant further contends that the $752.00 check in question, which was endorsed over by the appellee to the Kokomo Ready Mixed Concrete Corporation, constituted payment of all compensation due and owing to the appellee under the terms of the original oral contract. It is our opinion that this contention does not clearly state the law of Indiana as it applies to the facts disclosed by the record evidence and therefore has no legal foundation and is without merit.

Finally, the appellant contends that it was error for the trial court to arrive at a mathematical computation of damages. However, it is our opinion that the trial court was not required to make such a mathematical computation because there was record evidence of some thirteen items of extras furnished by the appellee which the trial court could allow or not allow, in addition to the balance due on the original contract; and that the matter of the computation of damages, if supported by the record evidence, is strictly a matter within the sound discretion of the trial court, and it is our opinion that the trial court in this case did not abuse this discretion.

The appellee at the time of oral argument cited an additional authority not included in his brief. In accordance with the suggestion and direction of our court, on October 29, 1968, the appellee filed a document with the clerk of our court which he entitled, "Appellee's Supplemental Authority". On November 6, 1968, the appellant filed a motion to strike appellee's supplemental authority, in which petition he claimed that the appellee violated Rule 2-15 of the Rules of the Indiana Supreme Court, which rule provides in the last sentence thereof the following: "Additional authorities in support of any proposition stated in the briefs, may be filed by either party at any time, *without comment or argument*" (emphasis supplied). The appellant urges that the appellee wholly ignored Rule 2-15 in its citation of supplemental authority for the reason that he quoted extensively therefrom, and then commented on the cited authority in its appli-

cation to the case at bar, and argued that on the basis of such additional authority the decision of the trial court should be affirmed.

It appears as if the appellee technically has violated Rule 2-15 of the Rules of the Supreme Court. However, our court is not required to base its decision solely on authorities cited in the briefs, or cited in the submission of additional authorities not contained in the briefs; and we, of course, may base our opinions on any prevailing statutory or case law in arriving at our ultimate decision.

We, therefore, are denying appellant's motion to strike the supplemental authority submitted by the appellee.

Judgment affirmed.

Bierly and Pfaff, JJ., concur.

NOTE.—Reported in 241 N. E. 2d 862.