ROLAND O. HAWKINS *v.* JAMES KOURLIAS.

[No. 771A133. Filed May 23, 1972.]

*Orval W. Anderson,* of Gary, *Englebert Zimmerman,* of Valparaiso, for appellant.

*Duane W. Hartman, Blachly, Tabor & Bozik,* of Valparaiso, *William H. Wagner, Chester, Clifford, Hoeppner & Houran.* of Valparaiso, for appellee.

STATON, J.—James Kourlias received a jury verdict upon

his counterclaim in the sum of $13,100.00. Roland O. Hawkins is appealing the verdict rendered against him and contends:

1) That the verdict is excessive;

2) That the verdict is not supported by sufficient evidence; and

3) That the verdict is contrary to law.

We affirm the verdict and judgment of the trial court in the opinion that follows:

James Kourlias, a seventy-five year old retired fruit peddler, offered his home for sale. Roland O. Hawkins, an operating engineer, offered him $10,000.00 and a life estate in the upstairs apartment with kitchen privileges instead of the $15,000.00 that James Kourlias was asking for his home. The warranty deed to the home and the agreement creating the life estate were both executed at the property closing in the First National Bank on May 5, 1967. The executed agreement is as follows:

"This is an agreement between James Kourlias and Roland O. Hawkins whereby Roland O. Hawkins agrees to furnish, free of charge, a room and kitchen privileges in the property that he is buying at 206 Franklin St., Valparaiso, Indiana to James Kourlias for as long as the said James Kourlias lives or cares to stay there.

"Dated at Valparaiso, Indiana this 5th day of May, 1967.
/S/ James Kourlias      (SEAL)
/S/ Roland O. Hawkins (SEAL)

"Witness:
Wayne Stoner"

Approximately four or five months later, Roland O. Hawkins demanded rent for the apartment upstairs occupied by James Kourlias. On cross-examination by Roland O. Hawkins' attorney, Mr. Zimmerman, Mr. Kourlias testified as follows:

"Q. Did he give you a reason why he wanted you to get out?

"A. I don't remember.

"Q. Was he just tired of you being there and thought you should have stood some of the bills? Was any reason given?
"A. I don't know, I don't know.
"Q. You don't know.
"A. No. He says to me, he demands to pay him rent, $60, what else he says—he do raise the rent to the downstairs lady, which she been living with me all that years, which she pay $55 to me and he raise them to ninety (90), that poor old lady downstairs."

Roland O. Hawkins brought an action for ejectment and James Kourlias filed a counterclaim. The parties stipulated that James Kourlias was seventy-five years of age and that he had a life expectancy of 7.77 years. Past and future damages of James Kourlias were presented to the jury without any objection. These damages totaled $14,923.67.

ERROR NO. 1: Roland O. Hawkins first contends that the "verdict of the jury and judgment of the trial court was excessive and not within the scope of the pleadings and evidence submitted." We cannot agree with this contention of error. James Kourlias' attorney made a motion at the conclusion of his evidence to amend all pleadings to conform with the evidence presented. The record shows: "On oral motion of the defendant all pleadings are amended to conform with the evidence presented." No objection was made by Roland O. Hawkins who concedes in his brief:

"Admittedly the future costs of rent and food for the defendant's life expectancy, if based upon the expenses at the time of the trial, when added to defendant's expenses before the trial would exceed the amount of the verdict and judgment, but when viewed in the light of defendant's testimony on cross-examination, that he would have sold the house, and did offer it to the plaintiff for Fifteen Thousand ($15,000.00) dollars (T. p. 93 L. 27) without the free room rent and kitchen priviliges agreement;"

This amounts merely to an argument of the evidence which we cannot weigh upon review. *Bowes* v. *Lambert* (1943), 114 Ind. App. 364, 51 N. E. 2d 83.

Roland O. Hawkins further urges that the award of exemplary damages must be assumed in the present case. We cannot agree that this assumption is valid or that it is supported by the record. Total damages asked for by James Kourlias was $14,923.67. The verdict rendered by the jury was for an amount less than that shown by the evidence. There will only be a reversal on the grounds of excessive damages in the event that the amount assessed by the jury appears to be so outrageous as to impress the Court at first blush with its enormity. *Lloyd* v. *Weimert* (1970), 146 Ind. App. 666, 257 N. E. 2d 851.

ERROR NO. 2: The second error contended by Roland O. Hawkins in his "Motion to Correct Errors" is "that the verdict of the jury is not supported by sufficient evidence upon all necessary elements of a claim . . . and is contrary to the weight of the evidence." This contention is without merit. We previously stated that none of the evidence of damages submitted by James Kourlias was objected to during the trial. This evidence showed his damages to be $14,923.67. The jury rendered a verdict for an amount less than the total damages proven in the amount of $13,100.00. In reviewing the allegation of insufficiency of the evidence, this Court will not weigh the evidence nor resolve questions of credibility of witnesses. We will look only to that evidence and the reasonable inferences therefrom which support the verdict of the jury. *City of Indianapolis* v. *Schmid* (1968), 251 Ind. 147, 240 N. E. 2d 66; *Public Service Co. of Indiana, Inc.* v. *Levenstein Bros. Realty Co., Inc.* (1965), 246 Ind. 520, 207 N. E. 2d 202; *State* v. *Monninger* (1962), 243 Ind. 174, 182 N. E. 2d 426; *Annee* v. *State* (1971), 256 Ind. 686, 271 N. E. 2d 711; *Turner* v. *State* (1972), 258 Ind. 267 [30 Ind. Dec. 143], 280 N. E. 2d 621; and *Wm. J. & M. S. Vesey, Inc.* v. *Hillman* (1972), 151 Ind. App. 388 [29 Ind. Dec. 655], 280 N. E. 2d 88. There is ample evidence in the record to support the jury's verdict. None of the evidence presented to the jury was objected to at the time of trial.

ERROR NO. 3: The final argument of Roland O. Hawkins is that the verdict and judgment of the trial court is contrary to law. In support of this contention, Roland O. Hawkins relies on *Shover* v. *Myrick* (1891), 4 Ind. App. 7, 30 N. E. 207. In *Shover, supra,* Henrietta Hubbard and her mother entered into an agreement which provided that Henrietta Hubbard would support and care for her mother during the remainder of her lifetime in consideration of a ⅓ interest in a 40-acre farm held by her mother. Henrietta Hubbard later acquired the interest of her brothers and sisters and became the titleholder to the entire 40-acre tract. Henrietta Hubbard predeceased her mother. The husband of Henrietta Hubbard refused to honor the agreement and a claim was brought against Henrietta Hubbard's estate. In affirming the lower court, our Court stated in *Shover, supra,* at 4 Ind. App. 10, 11:

> ". . . We can not agree with the appellants' counsel that the value of the support yet due Mrs. Myrick must be measured by the value of the lands she conveyed to her daughter in consideration of such support. . . .
>
> \* \* \*
>
> ". . . The measure of damages for such breach is the value of the support and care from the time of the breach, which, in this case, is the time of the intestate's death, to the day of trial, and the present worth of such support and care from the day of trial to the end of the life in question."

Support and care of an eighty-one year old mother by her daughter in the *Shover* case, *supra,* does not lend any support to Roland O. Hawkins' contention that the verdict and judgment of the trial court is contrary to law. This Court held in *Shover, supra,* at 4 Ind. App. 10:

> ". . . [I]t is well settled that where the consideration of a contract is agreed upon between the parties and the same is of an indeterminate value, the courts will not substitute their judgment for that of the parties, but will uphold the contract unless it be tainted with fraud. *Keller* v. *Orr,* 106 Ind. 406; *Price* v. *Jones,* 105

Ind. 543; *Vigo, etc., Society* v. *Brumfiel,* 102 Ind. 146; *Wolford* v. *Powers,* 85 Ind. 294."

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 282 N. E. 2d 551.