JAMES KOURLIAS *v*. ROLAND O. HAWKINS ET UX.

[No. 3-572A4. Filed October 4, 1972.]

*Blachly, Tabor & Bozik,* by *Duane W. Hartman,* of Valparaiso, for appellant.

*David A. Willis,* of Portage, *E. Zimmerman,* of Valparaiso, for appellees.

SHARP, J.—On February 3, 1970, the Plaintiff-Appellant, James Kourlias, obtained a judgment against Roland O. Hawkins in the sum of $13,100.00 plus costs and interest. This judgment was affirmed by this court. See *Hawkins* v. *Kourlias,* 152 Ind. App. 159, 282 N. E. 2d 551 (1972).

The present action was filed on May 25, 1971 by the Plaintiff-Appellant, James Kourlias, to set aside a fraudulent conveyance of property and for an order of sale. The trial court, sitting alone, denied the relief prayed for by Appellant and entered judgment for the Appellees. All of the evidence introduced in the trial court was presented by the Appellant. The Appellees offered no evidence.

Motion to Correct Errors was filed and overruled and asserted that the decision was not supported by sufficient evidence and is contrary to law.

As a preliminary matter we are here again dealing with an

appeal from a negative decision against the party having the burden of proof. We have frequently and recently stated that the assertion that a negative decision is not supported by sufficient evidence is not a proper basis on which to attack such negative decision. See *Langford* v. *Anderson Banking Co.* (1970), 146 Ind. 677, 258 N. E. 2d 60. In attacking the trial court's negative decision and the failure of it to grant the relief requested on the Plaintiff-Appellant's complaint all of the factual inferences must be considered in the light most favorable to the trial court's decision and the Appellant here must conclusively prove as a matter of law such decision was erroneous. The reviewing court on appeal will disregard conflicting evidence and assume that evidence to support the finding is true and will give it every inference reasonable and favorable to be drawn from it. The reviewing court on appeal will not weigh the evidence or pass upon the credibility of witnesses. See *Allstate Ins. Co.* v. *Morrison* (1970), 146 Ind. App. 497, 256 N. E. 2d 918.

In this case the Plaintiff-Appellant as judgment creditor who was seeking to have a transfer of real estate set aside as fraudulent under the provisions of IC 1971, 32-2-1-14, Ind. Ann. Stat. § 33-408 (Burns 1969 Repl.), has the burden of proof to show that such transfer was made with the intent to hinder, delay or defraud the judgment creditor. It is elementary that the trial judge saw the parties to this case in court as witnesses. The trial judge was in a far better position to determine the crucial questions of intent and credibility here. We have only a cold written record available for examination.

In this case the evidence was susceptible to more than one inference and we cannot say as a matter of law that the only inference permissible is the one favoring the Appellant. Also, in this case the trial court may have determined that Appellant failed to sustain his burden of proof.

There is evidence that Roland O. Hawkins and Martha E. Hawkins were divorced in 1966 and that part of the friction between them was over Roland O. Hawkins' individual ownership of certain real estate during the course of their marriage. Roland O. Hawkins and Martha E. Hawkins were subsequently remarried on October 19, 1968 and prior to said remarriage an antenuptial agreement was reached between them whereby each agreed to convey to the other as tenancy by the entireties all real property individually owned by them prior to their remarriage. The key purpose of this antenuptial agreement was to eradicate the possibility of future marital friction which has existed in the past based upon the individual ownership of real estate. The value of real estate transferred by Roland O. Hawkins to himself and his wife as tenants by the entireties was approximately $12,000.00 and the value of the farm property transferred by Martha E. Hawkins into a tenancy by the entireties with her husband was approximately $30,000.00. There was an additional property owned by Martha E. Hawkins which was so transferred for which no value was stated.

Where a conveyance is challenged as fraudulent under § 33-408 it must be shown to have been made with intent to hinder, delay or defraud creditors. If the facual determination of the trial court that there was not fraudulent intent is supported by any evidence produced at trial it must be upheld. The burden of proving fraudulent intent is clearly upon the Plaintiff-Appellant as creditor in this case. See *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 24 N. E. 2d 912. The conclusion that the question of fraudulent intention is a question of fact is supported by the explicit language of a part of § 33-408, which provides as follows:

> "The question of fraudulent intent, in all cases arising under the provisions of this act, *shall* be deemed a question of fact; nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers solely on the ground that it was not founded on a valuable consideration." (our emphasis).

In this case the record discloses the existence of marital friction between the Defendants-Appellees over the question of individually owned property. The record also discloses that the previous marriage between the parties had been destroyed in part because of the friction caused by individual ownership of property. The record also discloses that the value of the property conveyed by Roland O. Hawkins into tenancy by the entireties was much lower than the value of the property so conveyed by his wife, Martha E. Hawkins. Both of the Appellees were called as witnesses by the Appellant in presenting his case. The trial court could properly consider both the terms of the antenuptial agreement and the value of the real estate respectively conveyed into tenancy by the entireties. That evidence together with all reasonable inferences to be drawn therefrom is sufficient to sustain the factual determination of the trial court that the conveyance was not tainted with fraudulent intent.

The position taken by the Plaintiff-Appellant is best summarized by his reply brief which is in two paragraphs and reads as follows:

"It is Plaintiff-Appellant's position that in a fraudulent transfer action, the court must look to the badges of fraud to determine intent. The court should not rely upon the concocted stories of the debtor. The reason the court should not rely upon the stories of the debtor is shown by the deed which is attached hereto. Obviously, marital harmony was not the reason that the property was placed in tenancy by entirities [sic].

The second reason that the court should not heavily rely upon the debtor's stories is because intent must and can only be shown by the actions of a party. One is presumed to have intent if all the indices of murder or any other crime are present. So also intent must be presumed if all the badges of fraud are shown."

It would seem clear that the position taken by the Appellant in his reply brief is simply an invitation for us to weigh the evidence of the "story" of the Appellees v. the

version of the Appellant. As previously indicated this is not our proper function and we will not exercise it in this case. In this case such weighing was done by an able and experienced trial judge and we will not disturb his decision.

On September 14, 1972 Appellees filed Motion for Assessment of Damages under Rule 15(F) and (G). Having considered it in the total context of the appeal we now decide that the same should be and hereby is denied.

There being no reversible error in this case, the decision of the trial court should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported in 287 N. E. 2d 764.