AMERICAN SAVINGS AND LOAN ASSOCIATION OF HAMMOND, INDIANA *v.* HOOSIER STATE BANK AS ADMINISTRATOR AND GUARDIAN OF THE ESTATE No. 10868 OF NORBERT G. NAGY AND DOLORES L. NAGY, HUSBAND AND WIFE, DECEASED; THOMAS S. BUNSA, MARY JANE BUNSA.

[No. 3-674A103. Filed November 26, 1975. Rehearing denied January 6, 1976. Transfer denied June 9, 1976.]

*John J. McDonagh, Kiernan, McDonagh & Reppa,* of Hammond, *C. B. Knapp, Jr.,* of Hammond, for appellant.

*John F. Beckman, Jr., Tinkham, Beckman, Kelly & Singleton,* of Hammond, for appellees.

STATON, P.J.—American Savings and Loan Association of Hammond is appealing from a judgment which granted the counterclaim of Thomas S. and Mary Jane Bunsa. American Savings had filed a complaint to foreclose a mortgage against the Hoosier State Bank, as administrator of the estate of Norbert and Dolores Nagy, and to determine who was entitled to a savings account securing the mortgage loan. The Bunsas counterclaimed to recover the balance of this savings account. The sole contention of error on appeal is that the trial court's judgment is contrary to law because there is no evidence to support the trial court's judgment granting the counterclaim.

In October, 1964, the Nagys applied to American Savings for a loan to enable them to purchase a house owned by the Bunsas. The purchase price of the house was $18,300 and the Nagys had $1300 for a downpayment. American Savings was reluctant to loan the Nagys more than $14,000 but agreed to a $17,000 loan provided the Bunsas deposited $3,000 as additional security. On October 22, 1964, American Savings loaned the Nagys $17,000 to purchase the house; the Nagys executed a mortgage on the house to secure the $17,000 loan; and the Bunsas deposited $3,000 of the purchase price in a savings account at American Savings after executing the following agreement:

"It is hereby agreed that Savings Account #100335 for $3,000.00 issued in the name of - Thomas S. Bunsa or Mary Jane Bunsa - - - - is not subject to withdrawal, pledge or assignment to any one until the mortgage executed by - - - Norbert G. Nagy and Dolores L. Nagy - - - - - and recorded in Mortgage Record No. 1531 page 509 in the Office of the Recorder in Lake County, Indiana, has been reduced

to the sum of $14,000.00 and the Board of Directors of the American Savings and Loan Association of Hammond is satisfied of its security for the loan represented by said Mortgage. It is further agreed that the Board of Directors may from time to time release part payments on this account upon the request of the members, if the value of the real estate is increased due to improvements made by the present owner. Until then this account shall be kept by the Association as a pledge and security for said mortgage debt, and the optional share certificate Pass Book #100335 shall remain in the files of the Association."

In November, 1970, the Nagys defaulted and American Savings filed its foreclosure action. It is undisputed that after the foreclosure sale there was a deficiency balance due on the loan of $11,141.11. The only disputed evidence on appeal is whether the balance of the Nagys' loan was ever reduced to $14,000 entitling the Bunsas to the $3,000 savings account.

Leo Chick, loan officer of American Savings, testified that the balance of the Nagys' loan was never reduced to $14,000. However, there was also documentary evidence presented at trial, including American Savings' ledger sheet for the Bunsas' savings account. This ledger sheet was kept by the bank and bears the heading "Restricted Account." The ledger shows a deposit of $3,000 on November 6, 1964 and an accumulation of interest until October, 3, 1969 when the accumulated interest in the amount of $657.97 was withdrawn. The ledger then contains the following typed entry, "a/c Loan No. 4569—Red. to $14,000.00." In answer to the Court's questions concerning the entry "Red. to $14,000.00," Chick testified that the ledger notation "a/c Loan No. 4569—Red. to $14,000.00" was merely to notify bank personnel that the account was a restricted account rather than a notation indicating that Loan No. 4569 had been reduced to $14,000.00.

The evidence before the trial court was not uncontradicted as contended by American Savings. The trial court could have reasonably inferred from the bank's own ledger sheet entry "a/c Loan No. 4569—Red. to $14,000.00" that the

agreed condition permitting withdrawal of the $3,000.00 by the Bunsas had occurred. The trial court was not obligated to accept the testimony of Leo Chick contradicting the ledger sheet. It is the function of the trier of fact to draw the appropriate inferences from the evidence, and when the evidence supports conflicting reasonable inferences, this Court may not substitute its judgment as to which inference should have prevailed for the judgment of the trier of fact. *Chaleff* v. *Chaleff* (1969), 144 Ind. App. 438, 246 N.E.2d 768; *Valcan Corp.* v. *M. T. Sparks, Inc.* (1968), 143 Ind. App. 543, 241 N.E.2d 862. When the issue presented on appeal is whether the trial court's judgment is contrary to law because there is no evidence to support it, this Court will consider only the evidence most favorable to appellee. The decision of the trial court will be set aside only when the evidence is without conflict and leads to but one conclusion, and the trial court reached a contrary conclusion. *Marshall* v. *Ahrendt* (1975), 165 Ind. App. 359, 332 N.E.2d 223. Since the evidence is conflicting as to whether the Nagys' loan has been reduced to $14,000.00 before the default, we may not disturb the trial court's resolution of the conflict in favor of the Bunsas.

Pursuant to Indiana Rules of Procedure, Appellate Rule 15 (F),[1] the Bunsas ask this Court to assess damages against American Savings not exceeding 10% of the judgment. An award of damages pursuant to AP. 15 (F) is discretionary with this Court and as stated by the Supreme Court of Indiana, ". . . should not be issued without a strong showing of bad faith on the part of the [appellant] . . . ." *Annee* v. *State* (1971), 256 Ind. 686, 274 N.E.2d 260 (on rehearing). Although we find that the evidence is not uncontradicted as claimed by American Sav-

1. Indiana Rules of Procedure, Appellate Rule 15(F) provides:
   "If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten per cent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution."

ings, we do not believe this to be a proper case for the application of AP. 15(F). See *King* v. *Pollard* (1974), 160 Ind. App. 209, 311 N.E.2d 454; *Kourlias* v. *Hawkins* (1972), 153 Ind. App. 411, 287 N.E.2d 764.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, J., and Garrard, J., concur.

NOTE.—Reported at 337 N.E.2d 486.