LaPORTE PRODUCTION CREDIT AS-SOCIATION, Plaintiff–Appellant,

v.

Obed A. KALWITZ, Sr., and Helen Kalwitz, husband and wife; Obed Kalwitz, Jr., and Rolene Kalwitz, husband and wife; Eugene Kalwitz, Defendants–Appellees.

No. 46A03–8912–CV–555.

Court of Appeals of Indiana, Third District.

March 21, 1991.

Jere L. Humphrey, Kizer & Neu, Plymouth, for plaintiff-appellant.

Rick C. Gikas, Merrillville, for defendants-appellees.

GARRARD, Judge.

This appeal is brought to determine whether it was error to preclude filing an amended complaint on grounds of laches.

LaPorte Production Credit Association (LPCA) filed a mortgage foreclosure action against five members of the Kalwitz farm family on October 24, 1985. Two of the defendants, Obed A. Kalwitz, Sr. and Helen Kalwitz, husband and wife, transferred seven parcels of unmortgaged property to Obed Kalwitz, III and Lorene Mohlke by deeds dated November 26, 1986. The transferees, apparently the transferors' grandchildren, were not defendants in LPCA's mortgage foreclosure action.

LPCA learned of the transfers during a meeting with two of the Kalwitzes held on May 5, 1988 as part of an effort to restructure their farm loan pursuant to the mandate of 12 U.S.C. § 2202a.[1]

The Kalwitzes refused to discuss the transfers with LPCA. On May 13, 1988, LPCA's attorney wrote a letter to the Kalwitzes' attorney, warning that LPCA questioned the validity of the transfers and would look to the transferred parcels in the event of a deficiency arising from a foreclosure action.

On February 8, 1989 the application for restructuring the debt was turned down and notification was sent to the Kalwitzes.

Obed Kalwitz, Sr., a mortgagor and transferor, died May 3, 1989. No personal representative has been appointed for his estate. LPCA took his deposition on January 18, 1989, but neither LPCA's nor the Kalwitzes' attorney questioned him about the transfers.

On September 13, 1989, LPCA filed a motion to substitute the estate of Obed

1. 12 U.S.C. § 2202a limits certain lenders' pursuit of foreclosure with respect to any "distressed loan" pending consideration of the loan for restructuring. The restructuring period in this instance lasted until February 9, 1989.

Kalwitz, Sr. for Obed Kalwitz, Sr. under Trial Rule 25(A). It also filed a motion to amend its complaint under TR 15(A) and TR 18(B) to allege a fraudulent conveyance under IC 32–2–1–14, naming as defendants the estate of Obed Kalwitz, Sr., Helen Kalwitz, Obed Kalwitz, III and Lorene Mohlke.[2] The trial court denied LPCA's motion to amend its complaint on the basis of laches. It did not explicitly dispose of LPCA's motion to substitute a party because of death.

Initially it should be noted that both the decision to allow the amendment and the decision whether to apply laches were matters committed to the court's discretion. Yet our review of the former is limited by the specific reason assigned by the court for its decision, *City of Elkhart v. Middleton* (1976) 265 Ind. 514, 518, 356 N.E.2d 207, 210–11, and the determination to apply laches may not be arbitrary or not in conformity with the principles of equity. *Summerlot v. Summerlot* (1980) Ind.App., 408 N.E.2d 820, 827. In addition, sound policy favors facilitating the resolution of issues on the merits. *See Huff v. Travelers Indemnity Co.* (1977) 266 Ind. 414, 363 N.E.2d 985.

We have often stated that laches is comprised of three elements: (1) inexcusable delay in asserting a right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party. *Simon v. City of Auburn* (1988) Ind.App. 519 N.E.2d 205, 215; *Pickett v. Pickett* (1984) Ind.App., 470 N.E.2d 751, 754. A mere lapse of time is insufficient; unreasonable delay which causes prejudice or injury is necessary. *Id.*

LPCA learned of the transfers in May, 1988. The attempted loan restructuring occurred from then until February 9, 1989. LPCA moved to amend its complaint in September, 1989. Thus, the delay amounted to about sixteen months.

The cases cited by the Kalwitzes supporting a laches finding involved much longer periods such as the seventeen years in *Simon, supra,* or nearly five years in *Wienke v. Lynch* (1980) Ind.App., 407 N.E.2d 280. On the other hand, in *Bryant v. State* (1980) Ind.App., 405 N.E.2d 583 we found that eighteen months did not constitute unreasonable delay in instituting a proceeding to determine that Bryant was an habitual traffic offender.

LPCA asserted to the trial court that the delay during the period of the attempted restructuring should be excused because 12 U.S.C. § 2202a imposed a ban on proceeding with foreclosure proceedings during that period. The court was justified in rejecting this assertion since the parties proceeded with other pretrial proceedings during the period without objection. (On proper objection a stay would certainly have been necessary. *See, e.g., Harper v. Fed. Land Bank* (1988 D.C.Or.) 692 F.Supp. 1244.) Yet the fact the parties were bound to and did, in fact, spend several months attempting to restructure the loan so that foreclosure would be unnecessary is relevant and may not be ignored. This is especially true since immediately after learning of the transfer, LPCA's attorney advised Kalwitzes' attorney by letter that if the foreclosure proceeded and resulted in a deficiency judgment the LPCA would question the transfer.

That letter is also significant to determining whether LPCA's delay should reasonably be construed to signify a waiver arising from knowing acquiescence.

Concerning the element of prejudice the trial court found that to have arisen through the death of Obed Kalwitz, Sr., one of the grantors. (Although Mr. Kalwitz's deposition had been taken in January, 1989, neither party made any inquiry at that time concerning the transfer.) In order to assess the potential impact of his unavailability it is necessary to briefly review the elements of a claim to set aside a conveyance as made to hinder, delay or defraud creditors.

---

**2.** LPCA certified that it served copies of its motions and proposed amended complaint on Mr. Rick Gickas, whom we understand to represent the transferees as well as the surviving defendants in LPCA's original mortgage foreclosure action.

IC 32–2–1–14 provides that any such conveyance shall be void as to the persons sought to be defrauded. The burden of proof is on the plaintiff. *Kourlias v. Hawkins* (1972) 153 Ind.App. 411, 287 N.E.2d 764. Furthermore, IC 32–2–1–18 requires that, "The question of fraudulent intent, in all cases arising under this act, shall be deemed a question of fact; nor shall any conveyance be adjudged fraudulent as against creditors or purchasers solely on the ground that it was not founded on a valuable consideration."

Our decisions have developed a "badges of fraud" test from which fraudulent intent may be determined. See, *Milburn v. Phillips* (1893) 136 Ind. 680, 688, 34 N.E. 983, 985; *Jackson v. Farmers State Bank* (1985) Ind.App., 481 N.E.2d 395; *Arnold v. Dirrim* (1979) Ind.App., 398 N.E.2d 442. The reason, of course, is the great difficulty in ascertaining the true subjective intent of any grantor under such circumstances.

We assume *arguendo* that had Obed, Sr. remained alive he could have testified to his motives and purposes in making the transfer. On the other hand his wife, a co-grantor, remains available to testify and the trial court's speculation that she is apparently unable to explain is unwarranted on the record. Nor has there been any showing as to the ages of the grandchildren-grantees and their knowledge, or lack of knowledge of the transfer. The court also expressed concern about the evidentiary bar of IC 34–1–14–7, the deadman's statute. That statute, however, would be inapplicable since the litigation would not concern the grandchildren in the capacity of heirs or devisees of Obed Kalwitz. In addition, evidence of the existence or nonexistence of the various badges of fraud would apparently be available without regard to the death of Mr. Kalwitz. In sum, the prejudice to the Kalwitzes from the delay appears slight.

In that regard we point to one more circumstance that has not been specifically addressed by either party, but that also bears upon the reasonableness of the delay. While it is not premature for LPCA to litigate an asserted fraudulent transfer in connection with its foreclosure action, *McConnell v. Citizens State Bank* (1891) 130 Ind. 127, 27 N.E. 616, frequently such claims are not presented until proceedings supplementary to execution. *See, e.g., Jones v. Central Nat. Bank* (1989) Ind. App., 547 N.E.2d 887; *Jackson, supra; Arnold, supra.* In other words, it would have not been inappropriate for LPCA to have awaited the results of foreclosure and sale to seek to set aside the transfer.

From a consideration of all of the foregoing we are of the clear conviction that the court abused its discretion in determining that laches barred the proffered amendment.

While there is no issue properly before us on the question of substituting the estate of Mr. Kalwitz as a party pursuant to TR 25(A), we note that it does not appear from the record that any administrator has been appointed so that the substitution might be made.

Reversed and remanded for further proceedings consistent herewith.

HOFFMAN, P.J., and BAKER, J., concur.